IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK DOMBOS,

    Plaintiff,

    v.                                        No. CV 13-696 WJ/CG

DR. OMAR IZQUIERDO, CORIZON
MEDICAL SERVICES, DON DOUGLAS,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's *Motion to Remand*, filed on August 15, 2013, (Doc. 7). Defendants' filed their *Response in Opposition to Remand* on August 19, 2013, (Doc. 8). United States District Judge William P. Johnson referred this matter to the undersigned to perform any legal analysis required to recommend an ultimate disposition of the case. (Doc. 5).

    **I.**    **Background**

On May 20, 2013, Plaintiff, a *pro se* litigant, filed a complaint with the Fifth Judicial District Court for the State of New Mexico. (Doc. 1-1). In his complaint, Plaintiff stated that his claim is "for negligence of the defendant – with special duty." (Doc. 1-1 at 9-14). In addition to his state law tort claims, Plaintiff also wrote that his Eight Amendment rights under the New Mexico Constitution and the United States Constitution were violated; he cited the subjective and objective standard for establishing deliberate indifference, as outlined in *Estelle v. Gamble*, 429 U.S. 97 (1976). (Doc. 1-1 at 10-13).

Defendants removed the case to this Court on July 29, 2013. (Doc. 1). In their *Notice of Removal*, Defendants assert that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff raises a question of federal law. (Doc. 1 at

2).    After removing the case to this Court, Defendants filed a Motion to Dismiss, in which they argue that Plaintiff's claim is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   (Doc. 4 at 3).   Specifically, Defendants contend that Plaintiff has failed to state a claim for liability under 42 U.S.C. § 1983.   (Doc. 4 at 4-5).

Shortly after Defendants filed their *Motion to Dismiss*, Plaintiff filed his *Motion to Remand*.   (Doc. 7).   In this motion, Plaintiff states that he "did not file a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 despite the Defendant telling this Court, [in] its number 1 that this is exactly what [Plaintiff] did bring forward."   (Doc. 7 at 1).   Plaintiff also writes that he "very carefully stated" in his complaint that his claim "is for negligence of the defendant with special duty" and that he did not file a civil rights violation under § 1983 "because this is a negligence action."   (Doc. 7 at 2).   Plaintiff cites *Farmer v. Brennan*, 511 U.S. 825 (1994), for the proposition that repeated acts of negligence do not constitute deliberate indifference.   (Doc. 7 at 2).   He also explains that he used the phrase "deliberate indifference to serious medical needs" to illuminate "some factors that should guide the analysis of '[w]hat are serious medical needs?'"   (Doc. 7 at 2-3).   Finally, Plaintiff writes that he "cannot bring a negligence claim before the federal court."   (Doc. 7 at 3).

In their *Response in Opposition to Remand*, Defendants argue that Plaintiff asserted federal claims that were pending at the time of the removal and that remand would not be proper.   (Doc. 8 at 1-2).   Defendants also contend that Plaintiff "still has federal claims pending which he has not withdrawn." (Doc. 8 at 1).

**II.     Analysis**

A defendant may remove a case from a state court to federal court when the claim is one over which the district court of the United States would have original jurisdiction. 28 U.S.C. § 1441(a).   A claim that arises "under the Constitution, law, or treaties of the United States" is one over which the district courts of the United States have original jurisdiction.   28 U.S.C. § 1331.

In this case, Defendants removed this cause of action on the basis that Plaintiff's complaint, which states that his Eighth Amendment rights under the United States Constitution were violated, raised a federal question.   The complaint contains citations to several Supreme Court cases addressing the Eighth Amendment, and also details the standards under federal jurisprudence that are used to evaluate Eighth Amendment claims.   Plaintiff, however, has stated unequivocally that he has not stated a § 1983 claim upon which relief may be granted and that he intentionally did not file a civil rights action for a violation of § 1983.   (Doc. 7 at 1-2).   Although Plaintiff's intent when composing his complaint is relevant to other aspects of this analysis, his complaint, on its face, contained claims that arise under federal law, and removal of the case was proper.

As stated above, Plaintiff has asserted that he did not intend to bring a claim under § 1983, but this Court has determined that, intentional or not, his complaint stated such a claim.    Plaintiff filed his *Motion to Remand* on the basis that he did not intend to state a claim arising under federal law or the United States Constitution.   The Court must construe Plaintiff's filings liberally, and he is held to a less stringent standard than those to which an attorney is held.   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Thus, the Court finds that it is appropriate to construe Plaintiff's statements that he did not intend

to bring a federal claim as a withdrawal of the federal claims that he, inadvertently, stated in his complaint. Although Defendants argue that Plaintiff has not withdrawn all of his federal claims, they do not specify which federal claims might still be pending. A review of Plaintiff's complaint does not reveal claims other than those that would be construed as being brought under 42 U.S.C. § 1983. Furthermore, Defendants themselves characterize Plaintiff's claims as being brought pursuant to § 1983 in their Motion to Dismiss. (Doc. 3 at 1-2). Particularly in light of Plaintiff's statement that he "did not file a civil rights violation under 42 U.S.C. § 1983 because this is a negligence action," and his acknowledgement that "he cannot bring a negligence claim before the federal court," the Court finds that Plaintiff has voluntarily dismissed all federal claims unintentionally brought in his complaint.

The Court must now consider whether it should exercise pendant jurisdiction over Plaintiff's state law claims, dismiss them without prejudice, or grant his *Motion to Remand*. A court may exercise pendant jurisdiction over state law claims whenever federal law and state law claims "derive from a common nucleus of operative fact." *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Though a court has the power to do exercise pendant jurisdiction, it is within the discretion of the particular court to do so. *Id.* at 726. When deciding whether to exercise pendant jurisdiction, a federal court should "consider and weigh . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Id.* at 726-27. Moreover,

> [w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (citing Gibbs, 383 U.S. at 726-27).   The same considerations should factor into a court's decision to remand the case, rather than dismissing the state law claims without prejudice.   *Cohill*, 484 U.S. at 351-53 (1988).

In their *Response in Opposition to Motion to Remand*, Defendants only arguments are that Plaintiff has not withdrawn all of his federal claims, and that Plaintiff's assertion that he did not assert federal claims is "not a basis for remand to state court."   Doc. 8 at 1-2).   Defendants make no argument as to what factors would weigh in favor of the Court exercising pendant jurisdiction.   This case is still in the very early stages of litigation, a factor that suggests that remand is proper.   *See Gibbs*, 383 U.S. at 726 (stating that if federal claims are dismissed before trial, the state claims should be dismissed as well)   Moreover, the facts of this case are grounded entirely in the medical services provided at a state prison and involve issues of state law only.   Principles of comity also suggest that the state's interests in adjudicating this case are significant.   *See Id.* ("decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law.").   Finally, Plaintiff filed his claim in state court and has argued vociferously that he had no intention of bringing a federal claim.   Plaintiff's evident preference to be heard in state court is not an unimportant consideration.   (Doc. 7).   For all of these reasons, the Court finds that it would not be appropriate to exercise pendant jurisdiction.

However, rather than dismissing Plaintiff's claims without prejudice, and forcing him to re-file them in state court, the Court finds that, in the interest of judicial economy, Plaintiff's *Motion to Remand* should be granted.

### III.     Recommendation

For the reasons discussed above, the Court **RECOMMENDS** that Plaintiff's *Motion to Remand*, (Doc. 7), should be **GRANTED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE